```
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE
```

Ralph Holder

    v.                                    Civil No. 10-cv-448-JD
                                           Opinion No. 2011 DNH 038

G. Michael Bahan, James Boffetti,
and John Hannigan


                                O R D E R

Ralph Holder brings federal civil rights and state law claims against G. Michael Bahan, James Boffetti, and John Hannigan, arising from the circumstances of Holder's arrest and prosecution on criminal threatening charges.  The defendants move to dismiss the claims, on the grounds that Holder has failed to allege a cause of action, that his claims are time-barred, and that the defendants are protected by qualified immunity, absolute prosecutorial immunity, and state statutory immunity.  Holder objects only in part.


                            Standard of Review

When a complaint is challenged by a motion to dismiss, the court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, --- U.S. ---, 129

S. Ct. 1937, 1949 (2009). The plaintiff must allege "a plausible entitlement to relief" meaning "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plausibility does not mean probability but is more than a mere possibility. Iqbal, 129 S. Ct. at 1949.

For purposes of a motion to dismiss, the court accepts as true only the properly pleaded factual allegations in the complaint. Id. at 1944. Therefore, allegations that are merely legal conclusions, speculation, or threadbare statements of the elements of a cause of action are not credited. Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011).

Because motions to dismiss focus on the sufficiency of the complaint, the court generally does not consider materials outside of the complaint unless the motion is converted to one for summary judgment. See Fed. R. Civ. P. 12(d). To the extent the defendants rely on affidavits and documents filed in other cases, those materials will not be considered. The conversion rule does not apply, however, to materials incorporated by reference in the complaint, materials appended to the complaint, matters of public record, and matters that are appropriate for judicial notice. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 47 n.1 (1st Cir. 2009); Green v. Rhode Island, 398

F.3d 45, 48-49 (1st Cir. 2005); Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).

## Background

The background facts are taken from the properly alleged facts in the complaint and from the additional materials that can be considered for purposes of a motion to dismiss.

Ralph Holder has engaged in a long history of adversarial encounters with local and state officials, arising out of his divorce and custody proceedings, which began in 2001. See, e.g., Holder v. Sandown, 585 F.3d 500 (1st Cir. 2009); Holder v. Newton, 09-cv-341-JD (D.N.H. 2010); Holder v. Newton, Civ. No. 08-cv-197-JL (D.N.H. 2008); Holder v. New Hampshire, Civ. No. 06-cv-371-PB (D.N.H. 2006); Holder v. New Hampshire, Civ. No. 06-cv-252-PB (D.N.H. 2006); Holder v. Gienapp, Civ. No. 06-cv-221-JD (D.N.H. 2006); Holder v. New Hampshire, 06-cv-162-JD (D.N.H. 2006); Holder v. Rockingham County, Civ. No. 04-cv-189-SM (D.N.H. 2004). He also has pursued grievances through state administrative and court proceedings.

The events at issue in this case were recently addressed in an order granting summary judgment in the defendants' favor in Holder v. Newton, 09-cv-341-JD (D.N.H. Dec. 15, 2010). Holder's

actions that led to charges being brought against him were summarized there as follows:

On March 21, 2007, Holder wrote to United States Attorney Thomas Colantuono. Holder referred to a complaint he had submitted to the United States Attorney General about the custody proceeding, reiterating his view that the decision was racially discriminatory. He demanded that the United States Attorney investigate his complaint and bring a federal court action to terminate funding for the New Hampshire Marital Masters program. Holder stated that he would "not be denied vindication of the constitutional rights of [his] son and [Holder] against the black robed bigots." Dkt. no. 49-3. He further stated:

> It doesn't matter to me if the person is wearing stars, bars, stripes or a black robe. These bigots mean nothing to me. I will use any means necessary, including the use of deadly force, to protect the constitutional rights of my children against the state sponsored racism and unlawful discrimination. I urge your office act now to eliminate the racial bias and prejudice or anarchy will surely follow. I assure you I will be the one leading that rebellion if it becomes necessary.

Id.

A week later, on March 28, 2007, the same day that this court granted summary judgment in favor of the defendants, who included Holder's former attorney, Laurie Gienapp, in one of Holder's cases, Holder sent a similar letter to Margaret Nelson,

Chair of the Attorney Discipline Committee.  Holder reiterated his complaints against Gienapp and others.  He then asserted that based on his experience in the criminal justice field, he had "a greater knowledge and comprehension of the laws than most attorneys in this State," that he was a Justice of the Peace, and that he could "discern corruption and cover-up when [he came] across it."  Dkt. no. 49-4.  After expressing dissatisfaction with the Committee's work, Holder stated:

> So you can understand me, the next corrupt attorney, court or state official that seeks to infringe upon my rights and interests, he/she may suffer dearly due to the lack of action from your office.  Honesty [sic], I don't care if the individual is wearing stars, bars, stripes, a badge or a black robe.  If your office is not going to protect my rights and interest, I will gladly assert them on my own and in my own way, which means I will use any means necessary to accomplish that task.  That also means I will use up to and including the use of deadly force to protect the constitutional rights of my children and I and against racial bias and discrimination.

Id.

Holder alleges in his complaint in this case that during these events, James Boffetti was an Assistant Attorney General for New Hampshire, G. Michael Bahan was Chief Criminal Investigator for the New Hampshire Department of Justice, and John Hannigan was also a criminal investigator for the Department of Justice.  On April 26, 2007, the State of New Hampshire charged Holder with two counts of criminal threatening in

violation of RSA 631:4I(d).  Holder alleges that the defendants, without distinguishing among them, prepared and processed a warrant and that he was arrested on April 27, 2007.  Holder was tried on the charges in Concord District Court on October 2, 2007.  After the state presented its evidence, the court granted Holder's motion to dismiss, concluding that the evidence was insufficient to support the charges.

## Discussion

Holder brings four claims under 42 U.S.C. § 1983.  In Count I, Holder alleges that the defendants arrested and prosecuted him in violation of his First, Fourth, Fifth, and Fourteenth Amendment rights.  In Count II, he alleges that the defendants detained and confined him in violation of the Fifth and Fourteenth Amendments.  In Count III, he alleges that the defendants conspired to do the actions alleged in Counts I and II.  In Count IV, he alleges that Boffetti refused or neglected to prevent actions by Bahan and Hannigan that violated Holders' Fifth and Fourteenth Amendment rights.  Holder alleges related state law claims in Counts V through IX.  The defendants move to dismiss all claims.

A.  Affidavits

Holder's primary objection to the motion to dismiss is that it cannot be considered because it lacks affidavit support. Holder, who is represented by counsel, misunderstands the applicable standard.

As is explained above, a motion to dismiss the complaint for failure to state a claim addresses the sufficiency of the allegations in the complaint, not extrinsic evidence that might support or refute the claims alleged.  Fed. R. Civ. Pro. 12(b)(6) & 12(d); United Auto., Aerospace, Agr. Implement Workers of Am. Int'l Union v. Fortuno, --- F.3d ---, 2011 WL 241965, at *2 (1st Cir. Jan. 27, 2011) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" quoting Iqbal, 129 S. Ct. at 1949).  In contrast, a motion for summary judgment challenges the non-moving party's claims or defenses based upon the record evidence and requires support for factual positions.  Fed. R. Civ. P. 56(c).  While a motion for summary judgment must be supported by appropriate evidentiary materials, such materials are inapposite to a motion to dismiss.[1]

---

[1] Holder cites Local Rule 7.1(a)(2) in support of his argument that the defendants' motion to dismiss is deficient. The requirement for affidavits or other documents applies only when the motion or objection "require[s] consideration of facts

Therefore, Holder's objection based on a lack of affidavits to support the motion to dismiss is meritless.

B. <u>Limited Response</u>

In the motion to dismiss Holder's claims, the defendants contend that Holder failed to allege a cause of action, that his claims are time-barred, and that the defendants are protected by qualified immunity, absolute prosecutorial immunity, and New Hampshire statutory immunity. Of the defenses raised, Holder addresses only the issue of prosecutorial immunity.

By failing to object or respond to the other issues raised in the motion to dismiss, Holder is precluded from addressing the remaining issues. <u>Vallejo v. Santini-Padilla</u>, 607 F.3d 1, 7 n.4 (1st Cir. 2010) ("'Arguments that could have been raised before may not be raised for the first time in a motion for reconsideration.'") (quoting <u>Marks 3Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.</u>, 455 F.3d 7, 16 (1st Cir. 2006)); <u>United States v. Allen</u>, 573 F.3d 42, 53 (1st Cir. 2009). Therefore, Holder appears to have waived any objection to the remainder of the issues raised in the motion to dismiss.

---

not in the record." Therefore, that part of the rule does not pertain to a motion to dismiss.

C.  <u>Statute of Limitations</u>

The defendants contend that Holder's civil rights claims based on his arrest are barred by the statute of limitations. New Hampshire's general statute of limitations for personal injury actions, RSA 508:4, applies to claims of constitutional violation under 42 U.S.C. § 1983.  <u>McNamara v. City of Nashua</u>, 626 F.3d 92, 95 (1st Cir. 2011).  Under RSA 508:4, the limitation period is three years.

Holder was arrested and was briefly detained on April 27, 2007.  He filed his complaint on October 2, 2010.  Holder does not dispute the defendants' argument that his claims are time barred.  Therefore, all claims based on his arrest and detention are dismissed as untimely.

Holder alleges that Bahan and Hannigan were investigators in the criminal bureau of the New Hampshire Department of Justice. The complaint does not allege any actions by Bahan or Hannigan, individually.  Based on the complaint, Bahan and Hannigan appear to have been involved, at most, in the events leading up to and including Holder's arrest.  Those claims are barred by the statute of limitations.

D. <u>Prosecutorial Immunity</u>

Boffetti contends that the claims against him, based on his role as prosecutor of the charges against Holder, are barred by absolute prosecutorial immunity. "Absolute immunity protects the prosecutor's '"role as advocate for the State,"' and not his or her role as an '"administrator or investigative officer."'" <u>Guzman-Rivera v. Rivera-Cruz</u>, 55 F.3d 26, 29 (1st Cir. 1995) (quoting <u>Burns v. Reed</u>, 500 U.S. 478, 491 (1991), in turn quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, (1976)). "[A]bsolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application," but "does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application." <u>Van de Kamp v. Goldstein</u>, 129 S. Ct. 844, 861 (2009) (internal citations omitted).

In the complaint, Holder alleges that Boffetti was employed as an Assistant Attorney General, that the "Defendants" prepared and processed the arrest warrant, that the "Defendants" were put on notice at the arraignment that no crime had been committed, and that the "Defendants refused to drop the charges." Obj. dkt. no. 1, ¶¶ 7, 11, 12, & 13. Holder argues that Boffetti is not

entitled to prosecutorial immunity because he "committed acts beyond those related to his role as advocate in the instant case." Id. at 4.  Holder also argues that Boffetti engaged in unspecified "wrongs in both his administrative actions and his involvement in the investigation." Id. at 5.

The allegations in the complaint that may pertain to Boffetti focus on his preparation for and prosecution of the charges against Holder.  The complaint provides no factual allegations of actions Boffetti took outside his role as prosecutor.[2]  Therefore, Boffetti is entitled to absolute prosecutorial immunity as to Holder's claims against him.

E.  Qualified Immunity

The defendants also contend that they are protected from Holder's federal claims by qualified immunity.  Qualified immunity "shields officials from suit if their conduct 'd[id] not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Ortiz v. Jordan, 131 S. Ct. 884, 888 (2011) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  "The qualified immunity analysis requires

---

[2] Holder's conclusory allegations about the "Defendants'" intent and constitutional violations are insufficient to avoid a motion to dismiss.

a court to decide (1) whether the facts alleged . . . by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was clearly established at the time of the defendant's alleged violation." Barton v. Clancy, --- F.3d ---, 2011 WL 117261, at *11 (1st Cir. Jan. 14, 2011) (internal quotation marks omitted).

The two prongs of the qualified immunity analysis need not be addressed in order, although a plaintiff must show both that he has alleged a constitutional violation and that the right was clearly established at the time of the violation to overcome a qualified immunity defense. Raiche v. Pietroski, 623 F.3d 30, 35 (1st Cir. 2010). "The 'clearly established' prong has two aspects: (1) the clarity of the law at the time of the alleged civil rights violation, and (2) whether, given the facts of the particular case, a reasonable defendant would have understood that his conduct violated the plaintiff's constitutional rights." Barton, 2011 WL 117261 at *11.

The defendants contend that Holder's claims do not state constitutional violations. They argue, supported with case citations, that Holder's threats to use deadly force were not protected by the First Amendment, that the complaint lacks allegations to support a violation of equal protection, and that the due process clause does not provide a cause of action for

malicious prosecution.  In addition, the defendants demonstrate that the legal standards applicable to Holder's claims were not clearly established during the events in question.  Holder did not address the defendants' qualified immunity defense and therefore did not show that he has alleged constitutional violations that were clearly established at the time.

For the reasons provided in the defendants' memorandum in support of their motion to dismiss, the defendants are entitled to qualified immunity on all of Holder's federal claims.

F.   State Claims

Holder also alleges state claims of malicious prosecution, malicious abuse of process, false arrest and imprisonment, conspiracy, and negligent investigation.  When the federal claims that are the basis for federal jurisdiction have been dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state claims.  28 U.S.C. § 1367(c).  In this case, however, the defendants asked the court to resolve the state claims on the merits, and Holder did not respond.

Holder's claim of false arrest and imprisonment is based on his arrest and brief imprisonment in April of 2007.  Under RSA 508:4, Holder had three years from those events to bring suit.

Because his complaint was not filed until October 2, 2010, the claim is barred by the statute of limitations.

"In order to prevail on a civil malicious prosecution claim, the plaintiff must prove: (1) that he was subjected to a civil proceeding instituted by the defendant; (2) without probable cause; (3) with malice: and (4) that the proceedings terminated in the plaintiff's favor." Paul v. Sherburne, 153 N.H. 717, 749 (2006). For purposes of a malicious prosecution claim, the existence of probable cause is a legal question for the court. Id. "[P]robable cause is defined as such a state of facts in the mind of the prosecutor as would lead a person of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." Id. (internal quotation marks omitted).

A person is guilty of criminal threatening if he "threatens to commit any crime against the person of another with a purpose to terrorize any person . . . ." RSA 631:4I(d). Holder's letters provided ample probable cause to support the charges brought against him. Although the charges were ultimately dismissed, the result in Holder's favor does not undermine the decision to prosecute. In addition, Holder failed to allege any facts in support of his malicious prosecution claim to meet the malice requirement. Further, the defendants assert the

14

protection provided to state officers and employees by RSA 541-B:19(c) and (d), and Holder does not dispute that statutory immunity applies.

Similarly, as the defendants explain in support of their motion, Holder failed to allege the elements of an abuse of process claim. "'One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process.'" Cabletron Sys., Inc. v. Miller, 140 N.H. 55, 57 (1995) (quoting Restatement (Second) of Torts § 682, at 474 (1977)). Holder's conclusory allegations fall far short of stating a claim for abuse of process. In addition, as asserted by the defendants and not opposed by Holder, RSA 541-B:19(c) and (d) protect the defendants.

"[U]nder New Hampshire law, the elements of a civil conspiracy are: (1) two or more persons; (2) an object to be accomplished (i.e., an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." In re Appeal of Armaganian, 147 N.H. 158, 163 (2001). As is decided above, probable cause existed to charge Holder with criminal threatening. Therefore, Holder's conclusory

allegations of a conspiracy do not state a claim. Further, the defendants also invoke the protection afforded by RSA 541-B:19(c) and (d) for this claim, which is unopposed by Holder.

Holder alleges: "Bahan and Hannigan employed improper and negligent investigative practices and techniques resulting in [Holder's] arrest, incarceration and his being forced to stand trial. Boffetti participated directly in aspects of the investigation of the state court case against [Holder]. While so doing, he failed to exercise due care in the investigation." Compl. ¶¶ 56 & 57. The remainder of the allegations in that claim pertain to "General Counsel," who is not identified, or are merely conclusory allegations of the elements of negligence.

The defendants contend that there is no recognized claim for a negligent law enforcement investigation, citing Bryant v. Noether, 163 F. Supp. 2d 98, 110 (D.N.H. 2001), where the court considered and rejected a claim of negligent arrest. See also Rodriguez v. United States, 54 F.3d 41, 47 (1st Cir. 1995) (finding no legal support for a negligent investigation claim); Vlack v. Town of Rye, 1999 WL 813979, at *5 (D.N.H. May 28, 1999). Holder did not respond to the defendants' argument and did not provide cases that recognize a cause of action for negligent investigation by law enforcement. In addition, his allegations of the elements of negligence are conclusory, at

best.  As above, the defendants also raise immunity under RSA 541-B:19(c) and (c), which Holder does not oppose.

Holder has failed to state a claim with respect to the five causes of action alleged under state law.  Therefore, they are dismissed.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 6) is granted.  All of the claims in the complaint are dismissed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

March 16, 2011

cc:  Nancy J. Smith, Esquire
     Sven D. Wiberg, Esquire