```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Ralph Holder

    v.                                                        Civil No. 10-cv-448-JD
                                                         Opinion No. 2011 DNH 062

G. Michael Bahan, James Boffetti,
and John Hannigan

O R D E R

The court granted the defendants' motion to dismiss, and judgment was entered in accordance with the order on March 16, 2011. The plaintiff now moves for the undersigned judge's recusal in this case, nunc pro tunc, and asks that the prior orders entered in the case be vacated.[1] The defendants object.

A federal judge is required to recuse himself from a case "'in which his impartiality might reasonably be questioned.'" United States v. Pulido, 566 F.3d 52, 62 (1st Cir. 2009) (quoting 28 U.S.C. § 455(a)). The court's consideration of a recusal issue includes a determination of whether the circumstances in the particular case would support an objective appearance of partiality as well as actual bias. Id. "[J]udges should not

---

[1] Although the plaintiff submitted his affidavit in support of his motion, he does not rely on 28 U.S.C. § 144, nor would his motion be timely filed under that statute.

recuse themselves lightly," and in the absence of a reasonable question of bias, judges have a duty to sit. <u>United States v. Cruzado-Laureano</u>, 527 F.3d 231, 239 (1st Cir. 2008) (internal quotation marks and citation omitted).

The plaintiff first contends that because Judges Laplante and Barbadoro recused themselves from the case, I should also recuse. Judges Laplante and Barbadoro issued general orders of recusal. A judge's decision to recuse from a case is an individual determination that pertains to that judge specifically and not to all of the judges in the same court. <u>See</u> § 455. Therefore, the decisions made by Judges Laplante and Barbadoro do not have any controlling affect on my consideration of the recusal issue.

The plaintiff next argues that I should recuse myself from the case based on threats he made in letters mailed to the United States Attorney and the Chair of the Attorney Discipline Office in March of 2007. <u>See</u> Plaintiff's Affidavit in support of objection to motion to dismiss, dkt. no. 15-1; <u>see also</u> <u>Holder v. Newton</u>, 09-cv-341-JD (D.N.H.), dkt. nos. 45-3 (letter dated March 21, 2007, addressed to United States Attorney) & dkt. nos. 45-4 (letter dated March 28, 2007, addressed to the Chair of the Attorney Discipline Office). I presided over the <u>Holder v. Newton</u> case. In each letter, the plaintiff demanded action on

complaints he had submitted pertaining to his divorce and custody proceedings and protested the responses to his past complaints. In the letter to the Chair of the Attorney Discipline Office, he also stated as follows:

> So you can understand me, the next corrupt attorney, court or state official that seeks to infringe upon my rights and interests, he/she may suffer dearly due to the lack of action from your office. Honesty [sic], I don't care if the individual is wearing stars, bars, stripes, a badge or a black robe. If your office is not going to protect my rights and interest, I will gladly assert them on my own and in my own way, which means I will use any means necessary to accomplish that task. That also means I will use up to and including the use of deadly force to protect the constitutional rights of my children and I and against racial bias and discrimination.

Letter dated March 28, 2007, at 3. The plaintiff included a substantially similar paragraph in his letter to the United States Attorney.

Because of the threatening language in the plaintiff's letters to the United States Attorney and the Chair of the Attorney Discipline Office, the state prosecuted him in Concord District Court on two counts of criminal threatening in violation of RSA 631:4,I(d). On October 3, 2007, Judge Boyle dismissed the charges, stating:

> The complaints before the court allege that the accused had a purpose to terrorize the United States Attorney and the Attorney Discipline Office when he threatened to commit a crime against the person of another.

> There is no evidence before the court to indicate that the accused had a purpose to cause extreme fear.
>
> There is no evidence before the court that the accused threatened to commit any crime, let alone a crime against the person of another . . . .
>
> While the letters submitted into evidence are thoughtless, reckless and in poor taste, and while they certainly caused concern and alarm, they are insufficient to meet the elements of the offenses as alleged by the State.

Complaint (10-cv-448-JD), Ex. A, dkt. 1-2.  I was not named in nor involved in any way with the state's case against the plaintiff on criminal threatening charges.

On October 2, 2010, the plaintiff filed this federal civil action, alleging that the state prosecutor and investigators arrested him and prosecuted him on criminal threatening charges in violation of his civil rights and that their actions gave rise to related state law claims.  The plaintiff's claims were dismissed on March 16, 2011, and judgment was entered the same day.

The plaintiff now contends that the threats he made in the letters he sent to the United States Attorney and the Chair of the Attorney Discipline Office could have been construed to include federal judges, including me.  He argues that I became a "protectee" of the United States Marshals Service because of his letters and therefore should be recused.

By statute, the Marshals Service provides security for all federal judges.  28 U.S.C. § 566; 28 C.F.R. § 0.111(e).  Therefore, all federal judges are "protectees" of the Service.  Threats, perceived or otherwise, that may arise in the context of a case, whether in pleadings, exhibits, or correspondence, or from outside sources, are often referred to the Marshals Service by federal judges and others, in the exercise of common sense and prudence, for such action as the Marshals Service may deem appropriate.  Therefore, to the extent I am a "protectee" of the Marshals Service, that status alone does not require recusal.  In addition, to the extent the Marshals Service may have reviewed documents, letters, or pleadings in cases involving the plaintiff, those actions also do not require my recusal.

The plaintiff's threats against various government officials could reasonably have been construed to be threats against state and federal judges, which would include me.  However, generalized and latent threats made by a party against judges, including the presiding judge, do not provide grounds for recusal or disqualification.  See, e.g., United States v. Spangle, 626 F.3d 488, 496 (9th Cir. 2010); United States v. Beale, 574 F.3d 512, 519-20 (8th Cir. 2009); In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008).  Parties are not permitted to rely on threats as a means for judge shopping or for avoiding adverse rulings.  Beale,

5

574 F.3d at 519.  It is not without significance that in this case the plaintiff has sought recusal in connection with the threat issue only after his claims were dismissed.

I find that a reasonable person, fully informed of all of the relevant circumstances in this case, would not question my ability to be impartial, and I also find that I have been and remain impartial in this case.  No other grounds exist under 28 U.S.C. § 455 for my recusal.  See, e.g., Pulido, 566 F.3d at 62-63.

There is neither a factual nor a legal basis for me to recuse.  The motion is denied.

## Conclusion

For the foregoing reasons, the plaintiff's motion for recusal (document no. 19) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 14, 2011

cc: Nancy J. Smith, Esquire
    Sven D. Wiberg, Esquire