UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Ralph Holder

     v.                                    Civil No. 10-cv-448-JD

G. Michael Bahan, et al.


O R D E R


     Ralph Holder brought federal civil rights claims and state

law claims against G. Michael Bahan, James Boffetti, and John

Hannigan, arising from the circumstances of Holder's arrest and

prosecution on criminal threatening charges.  The defendants

moved to dismiss the claims, and Holder objected only in part.

The court granted the motion to dismiss, and judgment has been

entered.  Holder now moves for reconsideration, and the

defendants object.

     Motions for reconsideration have a limited application.

United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  A

motion to alter or amend a judgment under Federal Rule of Civil

Procedure 59(e) may be granted "only where the movant shows a

manifest error of law or newly discovered evidence."[1]  Prescott

_____

     [1]Holder, who is represented by counsel, is confused about
what standard applies.  He mistakenly cites Local Rule 7.2(a)
that pertains to motions to extend time.  Because judgment has
entered, Local Rule 7.2(e), which applies to reconsideration of
interlocutory orders, also is inapposite.

v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008).  The movant cannot
raise new arguments for the first time in support of his motion
and cannot prevail by merely restating previous arguments.
Vallejo v. Santini-Padilla, 607 F.3d 1, 7 n.4 (1st Cir. 2010);
Prescott, 538 F.3d at 45.

In his motion, Holder argues that the court improperly
referred to prior cases Holder has brought, which also arose out
of his perceptions of injustice beginning with his disputed
divorce and custody proceedings.  Specifically, Holder objects to
the court's reference to Holder v. Newton, 09-cv-341-JD (D.N.H.
2010).  The court has reviewed the references to Holder's
previous cases and finds nothing to support reconsideration.

Holder also contends that the court erred in dismissing
several claims as time-barred without considering Therrien v.
Sullivan, 153 N.H. 211 (2006).  As the court noted in the order
dismissing Holder's claims, he failed to respond to most of the
arguments the defendants raised in support of their motion to
dismiss, including the issue of the statute of limitations.[2]
Holder did not cite Therrien or make any argument to counter the
defendants' assertion of the time bar.  As the defendants explain

---

[2]Holder mistakenly thought that the defendants' motion to
dismiss had to be supported by affidavits and moved to strike the
motion.  His motion to strike was denied.

thoroughly in their objection to the motion for reconsideration,
Therrien does not govern the claims that were dismissed here.
Therefore, Holder's argument lacks merit.

Holder also misunderstands the basis for dismissing his
malicious prosecution claims.  As is explained in the order,
Holder's federal claims against James Boffetti were based on
Boffetti's role as prosecutor and were barred by prosecutorial
and qualified immunity.  The state malicious prosecution claim
was dismissed on the merits for failure to state a claim.

### Conclusion

For the foregoing reasons, the plaintiff's motion for
reconsideration (document no. 21) is denied.


SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

April 14, 2011

cc:  Nancy J. Smith, Esquire
     Sven D. Wiberg, Esquire

3